Mr. James W. Moody, Jr. Director Historic Pensacola Preservation Board 205 E. Zaragoza Street Pensacola, Florida 32501
Dear Mr. Moody:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE HISTORIC PENSACOLA PRESERVATION BOARD OF TRUSTEES HAS THE AUTHORITY TO ENTER INTO A LEASE-PURCHASE AGREEMENT FOR PURPOSES OF ACQUIRING A MUSEUM COLLECTIONS STORAGE WAREHOUSE?
Part II of Chapter 266, F.S., creates within the Department of State the Historic Pensacola Preservation Board of Trustees as a body corporate for the purpose of acquiring and maintaining ancient or historic landmarks, sites, cemeteries, graves, military works, monuments, locations, remains, buildings and other objects of historical or antiquarian interest of the City of Pensacola and surrounding areas. Section 266.101, F.S. For purposes of storing these objects of historical or antiquarian interest, the 1985 Legislature appropriated $81,700.00 for the museum collections storage warehouse as a fixed capital outlay. See, s. 2, Item 1898B, p. 975, Ch. 85-119, Laws of Florida. You therefore inquire whether the board of trustees may enter into a lease purchase agreement for the purpose of acquiring such a warehouse.
The seven member board of trustees of the historic preservation board is appointed by the Governor. Section 266.103, F.S. The powers of the board of trustees are set forth in s. 266.106, F.S. These powers include, among others, the power to contract and be contracted with; any power which is usually possessed by private corporations or public agencies performing comparable functions; and the power to acquire, hold, lease and dispose of real and personal property or any interest therein for its authorized purposes. See, s. 266.106(2), (3) and (5), F.S. Moreover, the board has the express power to acquire in its own name, by purchase, grant, devise, gift, or lease, on such terms and conditions and in such manner as it may deem necessary or expedient, real property or rights or easements therein or franchises necessary or convenient for its purposes and to use the same so long as its existence continues and to lease or make contracts with respect to the use or disposal of the same, or any part thereof, in any manner deemed by it to be in the best interest of the board, but only for the purposes for which it is created. Section 266.106(7), F.S. See also, s. 266.106(12), F.S., empowering the board to contract with any agency of the state, federal government, City of Pensacola, Escambia County, or any firm or corporation, upon such terms and conditions as the board finds in its best interest, with respect to the establishment, construction, operation, and financing of the facilities of the board.
Based upon these enumerated powers which specifically authorize the board to enter into leases and to purchase property and to enter into contracts upon such terms and conditions as the board finds in its best interest, it is my opinion that the board of trustees has the authority to enter into a lease-purchase agreement for the purpose of acquiring a museum collections storage warehouse. It should be noted, however, that s. 266.106(7), F.S., provides a limitation or qualification on the board's power to acquire property: "No property shall be acquired under the provisions of this part upon which any lien or other encumbrance exists unless, at the time the property is so acquired, a sufficient sum of money is to be deposited in trust to pay and redeem such lien or encumbrance. . . ." Additionally, the Historic Pensacola Perservation Board of Trustees, as a state board created within the Department of State by Part II of Ch. 266, F.S., would appear to be a state agency within the contemplation of Ch. 255, F.S., and would therefore be required to comply with the pertinent provisions of that chapter. Cf., AGO 81-67.
I am therefore of the conclusion that the Historic Pensacola Preservation Board of Trustees is authorized to enter into a lease-purchase agreement for the purpose of acquiring a museum collections storage warehouse so long as no lien or other encumbrance on such warehouse exists when the Board acquires title to the warehouse, unless at the time the property is acquired, a sufficient sum of money is deposited in trust to pay and redeem such lien or encumbrance.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General